RODOLPHUS BINGHAM and others

*v.*

THE CITY OF CAMDEN and others.

1. The expense of conducting a municipal election must be borne by the city; and the fact that such expense has already been paid by the county collector, will not sustain an injunction to restrain the city from paying it.

2. The election officers are necessary parties to such suit, and, if omitted, the bill must be dismissed.

Bill for relief.

*Mr. D. J. Pancoast*, for the complainants.

THE CHANCELLOR.

The complainants, tax-payers of the city of Camden, file their bill against the city and the city council to restrain them from paying to the legal election officers of the municipal election in that city in March, 1877, compensation for their services. The ground of complaint stated in the bill

Bingham *v.* City of Camden.

is that compensation has been already made to those officers for their services, by the county collector of the county of Camden, under the one hundred and twenty-second section of the act entitled " An act to regulate elections," and that the city has no authority under its charter to compensate them. That section, indeed, provides for the payment by the county collector of fees for services in holding elections under that act, but the election in respect of which it was proposed, when the bill was filed, to make the payment in dispute in this cause, was not an election under that act. It was a municipal election merely.

There is no reason why the treasury of the county of Camden should bear the expense of a municipal election of the city of Camden. If the officers have received pay for their services from the county collector, they were not entitled to it. The city should have paid them. The eighth section of the charter (*P. L.* 1871, p. 217,) provides that the officers of the municipal elections shall take the same oaths, be entitled to the like compensation, and the elections shall in all things be conducted, continued and concluded, as nearly as may be according to the same rules and regulations, and under the same restrictions and penalties, as were or might be, prescribed by the laws regulating the elections of members of the senate and general assembly of the state. The provision for compensation of election officers by the counties, in the general election law, has reference to such officers when employed in the elections which are the subject of that act—elections of a general character—those in which electors of president and vice-president of the United States, members of congress, a governor of the state, members of the state senate, members of assembly or county officers, are to be chosen. It is proper that the expenses of such elections held in the respective counties should be borne by the tax-payers of the counties, but it is not reasonable that any part of the expenses of an election merely for officers of a municipality in a county should be borne by

tax-payers of the county who are not residents of or owners of taxable property in the city.

The city charter provides for the election, and it is lawful to pay the expenses of it out of the city treasury. If the officers have received pay from the county, the payment was illegal.

The city and the city council are the only defendants in this cause. They have not answered, and the suit is undefended. There is no proof. The election officers are necessary parties. Under the circumstances the bill will be dismissed for want of necessary parties.